FILED
5,20-20
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 6:20-cr-78-PRL-40DCI
                                             18 U.S.C. § 922(o)(1)

MAX BENNETT CHAMBERS

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE AND TWO

On or about January 28, 2019, in the Middle District of Florida, the defendant,

**MAX BENNETT CHAMBERS,**

did knowingly possess a machinegun, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b), as follows:

| Count | Location | Machinegun |
|---|---|---|
| ONE | Defendant's bedroom | A non-metallic in color auto-sear device consisting of polymer-type or acrylic body with a sear, pivot-pin and return spring, commonly referred to as a "drop in auto-sear" or a "DIAS." |

| TWO | Defendant's car | A metallic in color auto-sear device, consisting of metal mounting body with a sear, pivot-pin and return spring, commonly referred to as a "drop in auto-sear" or a "DIAS." <br><br> A black 5.56 NATO caliber, AR-15 style rife with an overall length of 34.5 inches and a rifled barrel of approximately 16.25 inches, capable of firing fully automatic. |

In violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(o), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: One non-metallic in color auto-sear, one metallic in color auto-sear, and one 5.56 NATO caliber, AR-15 style rife.

4. If any of the property described above, as a result of any act or omission of the defendant:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third person;

     c.    has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be subdivided without difficulty;

5. The United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Terry Livanos
Assistant United States Attorney

By: _____
Amanda Daniels
Assistant United States Attorney

By: *[signature]* for

Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34  
APR 1991                               No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Orlando Division

THE UNITED STATES OF AMERICA

vs.

MAX BENNETT CHAMBERS

## INDICTMENT

Violations: 18 U.S.C. § 922(o)(1)

A true bill.

_____  
Foreperson

Filed in open court this 20th day of May, 2020.

_____  
Clerk

Bail   $_____

GPO 863 525